**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                           **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**                                                **FAX (605) 224-9020**

July 13, 2006

Timothy Engel, Esq.
Counsel for Plaintiff
Post Office Box 160
Pierre, South Dakota  57501

Clair R. Gerry, Esq.
Counsel for Defendant-Debtor
Post Office Box 966
Sioux Falls, South Dakota  57101-0966

      Subject: *First State Bank of Roscoe v. Rita Fix (In re Fix)*,
                  Adv. No. 05-3008; Chapter 7, Bankr. No. 04-30028

Dear Counsel:

    After receiving Trustee John S. Lovald's letter this morning, I again reviewed Debtor Rita Fix's bankruptcy case.  Trustee Lovald's letter indicates Debtor first reported wrongdoings by the First State Bank of Roscoe on September 16, 2005, at her § 341 meeting following conversion of her case from Chapter 13 to Chapter 7.  Defendant-Debtor, in her July 7, 2006, brief, argues her cause of action arose after the adversary settlement was signed February 16, 2006.  The affidavits in support of her brief, however, indicate much more was apparently going on behind the scenes around the time the settlement in Adv. No. 05-3008 was being prepared, signed, and filed.  Most notably, the Bank apparently obtained title to the house where Rita Fix lived and deeded the house to James and Pamela Baer on December 17, 2005.  Without more facts, however, I cannot discern whether the subject state court cause of action  arose pre- or post-petition, and if it arose post-petition, whether it arose pre- or post-conversion.

    Whatever rights Debtor may have had under the March 12, 1999, letter were not specifically scheduled as part of her bankruptcy estate.  Nonetheless, any such rights were assets of the estate, and Debtor has not claimed them exempt.  Debtor did, however, on April 21, 2006, claim the following interest exempt as a homestead, and no one timely filed an objection to her claim:

In re Fix
July 13, 2006
Page 2


    Homestead: House, outbuildings, and immediately surrounding yard located on the Northwest Quarter of the Northwest Quarter (NW1/4 of NW1/4) of Section 26, TWP 120 North, Range 71, West of the 5th P.M., Faulk County, South Dakota.

    Exemption value: $34,605.00

    That claim of exemption, however, does not necessarily mean any associated cause of action, or any rights acquired or preserved by the March 12, 1999, letter, are also exempt. Accordingly, whether the bankruptcy estate or Debtor holds the subject cause of action will depend on the date the cause of action first arose, *see* 11 U.S.C. §§ 541 and 348(f), and if Debtor holds it, whether she is found to have exempted it. That seems to be the first issue that needs to be resolved, and it is best addressed by the Bankruptcy Court.

    The second issue is the impact, if any, of the settlement reached in Adv. 05-3008 on the subject cause of action. The settlement was not noticed for objections under Fed.R.Bankr.P. 9019. Thus, it could not bind the bankruptcy estate, only Debtor and the Bank. Accordingly, that issue is also best addressed by the Bankruptcy Court. If the subject cause of action survives resolution of that issue, then the state court should, of course, proceed to resolve it.

    As to whether a preliminary injunction should issue, the Court must consider four factors:

    (1) the probability of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm and the injury that granting the injunction will inflict on other interested parties, and (4) the public interest. See Dataphase Sys. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc). The party seeking injunctive relief bears the burden of proving these factors. *See Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir.2003). No single factor is dispositive, as the district court must balance all factors to determine whether the injunction should issue. *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994), citing *Modern Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir.1989) (en banc), superceded by Minn.Stat. § 80C.21 (1989).

In re Fix
July 13, 2006
Page 3


*Lankford v. Sherman*, ___ F.3d. ___, 2006 WL 1699600, slip op. at 3 (8th Cir. June 22, 2006).

    The Court is satisfied the third and fourth factors weigh in favor of the injunction until the bankruptcy issues are resolved. On the first and second factors, the scales do not tip in either direction. Accordingly, a preliminary injunction will be entered. Attorney Engel may prepare an appropriate order.

                                Sincerely,

                                Irvin N. Hoyt
                                Bankruptcy Judge

INH:sh

CC:  adversary file (docket original; serve parties in interest)


**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota